**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS ALEXANDER SOLANO IZAGUIRRE,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-05807-MBK<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

Petitioner Carlos Alexander Solano Izaguirre, a native and citizen of Honduras, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Mr. Solano first entered the United States without inspection in or about 1997 and has remained for the past twenty-seven years. Mr. Solano is married to a United States citizen and has two United States citizen children and three United States citizen stepchildren. Mr. Solano's spouse has an approved I-130 (Petition for Alien

Relative) filed with the United States Citizenship and Immigration Services ("USCIS").

On July 23, 2026, Mr. Solano and his spouse appeared for a scheduled interview with USCIS. There, Immigration and Customs Enforcement ("ICE") officers arrested Mr. Solano to effectuate a final order of removal entered against him *in absentia* in 2000. On July 30, 2026, seven days after being taken into custody, Mr. Solano filed a Motion to Reopen and Rescind the *in absentia* order on grounds of lack of notice. Two months later, on October 1, 2026, Mr. Solano filed the instant habeas petition. Mr. Solano argues (1) his continued detention under 8 U.S.C. § 1231(a)(6) is unreasonable, (2) he has not received the meaningful individualized custody review required under 8 C.F.R. § 241.4 and the Due Process Clause, (3) his continued detention violates procedural due process, and (4) his continued detention violates substantive due process. Mr. Solano requests immediate release or, alternatively, a prompt and constitutionally adequate custody hearing.

For the following reasons, the Court orders Respondents to provide Mr. Solano a prompt bond hearing pursuant to 8 U.S.C. § 1226(a).

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Carlos Alexander Solano Izaguirre is a native and citizen of Honduras. Dkt. 1 at 9. He first entered the United States without inspection in or around 1999 and has principally resided in Southern California in the twenty-seven years since. *Id.* at 9-10, 19. He is married to a United States citizen and has two adult United States citizen children and three adult United States citizen stepchildren. *Id.* at 19.

At the time of Petitioner's arrest, his spouse had a pending I-130 application filed with and acknowledged by the USCIS. *Id.* at 20-21. USCIS

scheduled Petitioner and his spouse for an interview on July 23, 2026. *Id.* Petitioner and his spouse voluntarily appeared together on the scheduled date. *Id.* At or around 11:14 a.m. on July 23, 2026, ICE officers encountered Petitioner and took him into custody. Dkt. 9-1 at 2. ICE officers had previously identified Petitioner through system queries and found he was subject to an Executable Final Order of Removal. *Id.*

Petitioner alleges he did not get notice of the removal order. Dkt. 1 at 20. The removal order was issued *in absentia* by an IJ in Harlingen, Texas, on February 3, 2000, (*id.*; Dkt. 9-2), but Petitioner was residing in Los Angeles at the time. Dkt. 1 at 20. On July 30, 2026, seven days after his arrest and after he learned of the removal order, Petitioner filed a Motion to Reopen and Rescind with the Harlingen Immigration Court on grounds of lack of notice. *Id.* at 21-22. That motion remains pending. In the meantime, USCIS approved Petitioner's spouse's I-130, (*id.* at 22), and Petitioner's counsel filed a request for bond redetermination. *Id.* at 23.

Petitioner filed the instant habeas petition on October 1, 2026. Dkt 1. He argues his ongoing detention under 8 U.S.C. § 1231(a)(6) violates both 8 C.F.R. § 241.4 and the Due Process Clause. *Id.* at 44-47. Specifically, the ninety-day removal period requiring mandatory detention expired decades ago, and his Motion to Reopen and Rescind means his current discretionary detention is no longer sufficiently tethered to effectuating removal. *Id.* at 44. Petitioner also argues he has not been provided the procedural protections required for discretionary detention, including an individualized custody review under 8 C.F.R. § 241.4. *Id.* at 45-46. His continued incarceration without an individualized custody determination also thus violates procedural and substantive due process. *Id.* at 46-47.

Respondents filed their Response on October 9, 2026. Dkt. 9. They provide Petitioner's I-213 record, (Dkt. 9-1), his final order of removal from the Harlingen IJ, (Dkt. 9-2), the warrant for his arrest, (Dkt. 9-3), and the warrant for his removal. Dkt. 9-4. Respondents argue that Petitioner "was detained on July 23, 2026 in order to effectuate an executable final order of removal." Dkt. 9 at 2. Respondents also claim that "Petitioner appears to be entitled to request and receive a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).")." *Id.* Respondents argue that "[w]hile Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)." *Id.* Respondents claim that, to the extent Petitioner has not requested a bond hearing, he has not properly exhausted his claims. *Id.* at 2-3.

Petitioner filed his Reply on October 9, 2026. Dkt. 10. Petitioner argues that Respondents' Answer is inconsistent because it asserts Petitioner has a final order of removal and is eligible for a bond hearing under Section 1226: "The Government cannot invoke the existence of a final order to defend the original arrest, reply upon § 1226(a) to characterize the available remedy, and then leave unanswered which statutory provisions and procedures presently authorize continued custody." *Id.* at 4, 8-16. Petitioner also argues that exhaustion is not required and that the key issue in this case is the legal consequence(s) of Petitioner's July 30 motion to reopen. *Id.* at 5-8, 16. Petitioner requests immediate release or, alternatively, an expedited custody redetermination hearing. *Id.* at 23-25.

On October 13, this Court issued an order requiring Respondents to file a supplemental brief explaining which statute they believe applies to Petitioner's detention. Dkt. 11. If Section 1231 applies, Respondents must "address Petitioner's contentions that he has been provided 'no post-order custody-review notice, no written custody determination under Section 241.4, no individualized assessment of present danger or flight risk, and no evidence demonstrating that the Government considered alternatives to detention.'" *Id.* As of the date of this order, Respondents have not done so or otherwise filed any further documents.

## II. DISCUSSION

Petitioner argues that he is entitled to release on four grounds: (1) his ongoing detention is not tethered to any legitimate purpose and therefore violates Section 1231(a)(6); (2) Respondents have failed to provide any individualized custody determination in violation of due process and 8 C.F.R. § 241.4; (3) Petitioner's detention without a prompt custody determination violates procedural due process; and (4) his continued detention, following the filing of his motion to reopen, is excessive in relation to any legitimate governmental interest. Dkt. 1 at 44-47. In the alternative, Petitioner argues that he is entitled to a constitutionally adequate custody hearing. *Id.* at 49.

In support of his claims, Petitioner does not dispute that Respondents had the lawful authority to initially detain him to execute the *in absentia* order issued against him. *Id.* at 3 (stating he does not claim that "ICE necessarily lacked authority to take him into custody on July 23"). Rather, he argues that subsequent developments—the filing of his motion to reopen and accompanying stay of removal—" eliminate the premise that physical incarceration is presently necessary to accomplish an immediately executable

removal." *Id.* at 4.

In their Answer, Respondents do not appear to take issue with Petitioner's position that his motion to reopen changed the nature and potential justification for his detention. Respondents state that Petitioner "was detained on July 23, 2026 in order to effectuate an executable final order of removal," but that he is presently "entitled to request and receive an initial bond hearing" under Section 1226(a). Dkt. 9 at 1. In his reply, Petitioner expresses understandable confusion as to how Respondents could assert that Petitioner is both subject to a final order of removal and eligible for a bond hearing under Section 1226(a). Dkt. 10 at 3-4. For this reason, the Court ordered Respondents to file a supplemental brief to clarify their position on which statutory authority applies to Petitioner. Dkt. 11. Respondents declined to file a supplemental brief. The Court therefore accepts Respondents' position that Section 1226(a) applies to Petitioner and he is eligible for a bond hearing under the statute. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation," which "is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

Petitioner, of course, seeks release—not a bond hearing. However, the Court concludes that Petitioner has not shown he is entitled to release on his claims. Petitioner concedes that Respondents had the lawful authority to initially take him into custody. Dkt. 1 at 3. He argues that Respondents have nonetheless continued his detention—even after the filing of his motion to reopen—without providing the custody review procedures required by 8 C.F.R. § 241.4 or any other individualized custody determination. Dkt. 1 at 44-47.

But because Respondents take the position that Section 1231(a)(6) no longer governs Petitioner's detention, they had no obligation to provide the custody review procedures under 8 C.F.R. § 241.4. And Respondents are now prepared to provide Petitioner a bond hearing under Section 1226(a). Dkt. 9 at 1. Petitioner expresses concern that an Immigration Judge may find it lacks jurisdiction to conduct a bond hearing, (Dkt. 1 at 9), but Respondents are bound by the position here and the Court's order accepting it.

Petitioner indicates that he requested a bond hearing on September 30, 2026. Dkt. 1 at 8. Neither party indicates that the bond hearing has yet occurred. Accordingly, the Court finds it appropriate to order Respondents to provide a bond hearing pursuant to Section 1226(a) within seven (7) days.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is entitled to habeas relief. It is therefore ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Carlos Alexander Solano Izaguirre's (A# 077-622-152) release unless he is provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days; and (3) Respondents file a status report within ten (10) calendar days from the date of this order confirming compliance with the order.

Dated: October 19, 2026

/s/

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE